```
FILED IN THE DISTRICT COURT
    MAYES CO. OKLAHOMA
       NOV 1 2 2013
TAMARA QUALLS, COURT CLERK
BY_____DEPUTY
```

# IN THE DISTRICT COURT OF MAYES COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| KRISTEN D. GILMAN, <br> Plaintiff, <br><br> vs. <br><br> HEM, INC. d/b/a HEM-SAW, <br> a domestic limited liability company, | Case No.: CJ-2013-232 <br><br> ATTORNEY LIEN CLAIMED |

### PETITION

COMES NOW Plaintiff, Kristen D. Gilman, through her attorney of record David A. Warta of *Smolen, Smolen & Roytman, P.L.L.C.*, and brings this action against Defendant, Hem, Inc., d/b/a Hem-Saw (herein "Hem-Saw") for violations of her rights arising out of her employment and termination by Hem-Saw.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Mayes County, Oklahoma.

2. Defendant is a domestic limited liability company that regularly employs over fifteen (15) employees and conducts substantial business in Mayes County, Oklahoma.

3. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000-2 hereinafter ("Title VII"), providing for relief against discrimination in employment on the basis of gender.

4. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") complaining to the EEOC of discrimination based on her sex. The charge was filed within three hundred (300) days of the discriminatory

1

**EXHIBIT A**

acts alleged. A Notice of Right to Sue was issued to Plaintiff on or about August 13, 2013, and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5. The wrongful acts of Defendant which give rise to this dispute occurred in Mayes County, Oklahoma.
6. This Court has jurisdiction and venue is proper in Mayes County, Oklahoma.

## STATEMENT OF FACTS

7. The preceding paragraphs are incorporated herein by reference.
8. At the time of her discharge, Plaintiff –a forty-six (46) year-old female– was employed as a Machinist by Defendant Hem-Saw.
9. Plaintiff began working for Defendant on or about May 22, 2012.
10. While working for Defendant, Plaintiff's coworkers were predominantly males.
11. Plaintiff was harassed, demeaned, intimidated, and disrespected by her male coworkers throughout her employment with Defendant.
12. On several occasions, Plaintiff's supervisor —Mike Parker— made inappropriate sexual comments and unwanted sexual advances towards Plaintiff. Mr. Parker asked Plaintiff questions such as "Do you need a bed buddy?" and "Do you like oral sex?" Further, Mr. Parker told Plaintiff she had a "big rack" and requested Plaintiff send him nude pictures of herself, so he could "rub one out."
13. Although Plaintiff insisted that Mr. Parker discontinue such inappropriate behavior and informed him that she was happily married, Mr. Parker continued making such comments and advances.

2

14. Mr. Parker asked Plaintiff if she was going to file a complaint of sexual harassment, and further stated "If you do, I will just deny it."
15. Shortly thereafter, Mr. Parker threatened to fire Plaintiff.
16. On July 13, 2012, Plaintiff filed a complaint of sexual harassment and retaliation with Steve Henson of Defendant's Human Resources department.
17. In response, Defendant transferred Plaintiff to a different shift, but no corrective action was taken against Mr. Parker.
18. Plaintiff, while working on her new shift, was constantly harassed, demeaned, intimidated, and disrespected by her male coworkers based on her gender and in retaliation for filing her complaint with the Human Resources department.
19. On November 2, 2012, Plaintiff filed yet another complaint of retaliation with Defendant's Human Resources department. Defendant again took no corrective action whatsoever against the offenders, opting to transfer Plaintiff to a different part of the facility.
20. Despite the perfunctory actions taken by Defendant, Plaintiff's male coworkers continued to constantly harass, demean, intimidate, and disrespect her based upon her gender.
21. On November 14, 2012, due to the tremendously distressing work environment created and maintained by Defendant and its employees, Plaintiff was forced to cease her employment with Defendant.

### First Claim For Relief
### Disparate Treatment on the Basis of Gender in Violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §§ 2000(e), et. seq.

22. The preceding paragraphs are incorporated herein by reference.

23. The forgoing conduct violates Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e), et. seq.

24. Plaintiff experienced disparate treatment compared to her male coworkers with regard to protection, discipline, benefits, and other aspects of her employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e), et. seq.

25. Defendants' discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused the Plaintiff to suffer humiliation, embarrassment, and emotional distress.

26. Defendants committed the acts alleged with malice or reckless indifference to the protected rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

27. Upon information and belief, Plaintiff's termination was motivated in substantial part by her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), et. seq.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement

    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

    c. Punitive damages for the willful acts of discrimination committed by Defendant's management;

    d. Her attorney fees and the costs and expenses of this action;

    e. Injunctive Relief

    f. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
### Retaliation in Violation of Title VII

28. Plaintiff incorporates by reference the preceding paragraphs.

29. Defendant continuously harassed and ultimately terminated Plaintiff as a result of Plaintiff's attempt to use internal procedures to end the harassment she constantly endured.

30. By preventing and denying Plaintiff's continued employment, due to her participation in protected activity as defined under Title VII, Defendants have violated 42 U.S.C. §§ 2000(e)(3)(a).

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement

    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

    c. Punitive damages for the reckless acts of discrimination committed by Defendant's management;

    d. Her attorney fees and the costs and expenses of this action;

    e. Injunctive Relief

    f. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
### Failure to Ensure a Non-Hostile Work Environment

31. Plaintiff incorporates by reference the preceding paragraphs.

32. As her employer, Defendant owed Plaintiff a duty to ensure a non-hostile work environment.
33. Defendant was aware that Plaintiff was being subjected to repeated harassment that was severe in nature by its employees.
34. Defendant knew or should have known, and had reason to believe that its employees would engage in further harassment of Plaintiff.
35. Defendant repeatedly allowed its employees to bully, intimidate, demean, degrade and disrespect Plaintiff.
36. Defendant failed to take any action to prevent similar behavior.
37. By failing to protect Plaintiff as an employee, Defendant breached the duty owed to Plaintiff.
38. Defendant's breach of duty proximately caused Plaintiff to suffer severe mental anguish and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement

    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

    c. Punitive damages for the reckless acts of discrimination committed by Defendant's management;

    d. Such other relief as the Court deems just and equitable.

### FOURTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

39. Plaintiff incorporates by reference the preceding paragraphs.

40. Defendant abused its position of power in order to harm Plaintiff.

41. Defendant's conduct towards Plaintiff — harassing, demeaning, intimidating, and disrespecting Plaintiff through repeated vulgar comments — constitutes extreme and outrageous conduct.

42. Defendant's conduct went beyond all bounds of decency and is atrocious and utterly intolerable in a civilized society.

43. Defendant's extreme and outrageous conduct occurred on a consistent basis over a long period of time.

44. Defendant's extreme and outrageous conduct caused Plaintiff emotional and psychological damage so severe that no reasonable person would be expected to endure it.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages and punitive damages in excess of Ten Thousand Dollars ($10,000), with interest accruing from date of filing of suit, back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary losses, reasonable attorneys' fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully Submitted,

*[signature]*

David A. Warta, OBA #20361
Smolen Smolen & Roytman, PLLC
701 S. Cincinnati Ave.
Tulsa, Oklahoma 74119
(918) 585-2667
*Attorney for Plaintiff*